George C. Nichols *vs.* John Sonia.

Sagadahoc.    Opinion August 20, 1915.

*Declaration.    Exceptions.    License.    Non-suit.    Trespasser.*

Exceptions to an order of non-suit in an action of trespass quare clausum.

The plaintiff entered without force about half past ten in the evening, the place of business of defendant, a dentist, upon some business in which both parties were interested, and while there, indulged in improper language and declined to withdraw when ordered so to do by plaintiff.

*Held:*    That defendant was not a trespasser ab initio; that although the distinction between trespass and trespass on the case has been abolished, the declaration cannot be regarded as one in case and plaintiff allowed to recover under it for damages for acts committed by defendant after his entry, the allegation of breaking and entering being of substance, and not of form merely.

On exceptions by plaintiff.    Exceptions overruled.

This was an action of trespass quare clausum for breaking and entering the dental rooms of plaintiff, situated in Bath, in the County of Sagadahoc.    Plea, general issue.    At close of testimony of plaintiff, the presiding Justice directed a non-suit.    To this ruling, plaintiff excepted.

The case is stated in the opinion.

*F. P. Sprague,* for plaintiff.

*E. W. Bridgham,* for defendant.

Sitting:    Savage, C. J., Spear, King, Bird, Haley, Hanson, JJ.

Bird, J.    The plaintiff excepts to the ruling of the presiding Justice ordering a non-suit. The declaration, which is in a plea of trespass, alleges that the defendant on the second day of December, 1914, at Bath, with force and arms broke and entered the dental office of said Nichols, situated at number 81 Front Street and thereby

greatly disturbed plaintiff in the quiet possession of his office and then and 'there remained after he had been ordered to leave and vacate the office by the plaintiff and concludes with allegations of insulting language, threatened violence and slanderous words on the part of defendant while he remained in the office.

The evidence discloses that plaintiff shortly before half past ten o'clock in the evening of the day alleged was in the operating room of the suite of rooms occupied by him as an office; that the rooms were lighted; that plaintiff was there in the transaction of his business; that at the hour last named the defendant, a policeman of the city of Bath, opened in the usual manner the door giving entrance to the suite of plaintiff and entered one of the rooms, the door being latched but not locked. In this room was the wife of plaintiff. The defendant then made inquiries as to the future disposition of a cause in court which had recently been decided in his favor against plaintiff and, upon receiving a reply, indulged in profane language, opprobrious epithets and charges of perjury, declining to leave the apartment when ordered to do so by plaintiff. A non-suit was ordered upon the close of the testimony adduced by plaintiff and we think properly.

The contention of the plaintiff that the defendant by his conduct became a trespasser *ab initio,* cannot be entertained. Defendant did not enter in the discharge of any of his duties as policeman. His entrance was not by authority of law, as is the case of an officer lawfully entering upon property in execution of legal process or of a guest entering an inn. The office was alight, the hour not unreasonable, the place improper, nor the inquiry impertinent. His errand was one of business and we must find upon the evidence that, if not an invitee, he was in by license of the occupant. *Bradley* v. *Davis,* 14 Maine, 44, 47; *Perry* v. *Bailey,* 94 Maine, 50, 58.

Nor is plaintiff more fortunate in his suggestion that, the distinction between trespass and trespass on the case having been abolished by statute, the declaration is to be regarded as one in case and that he is entitled to recover under it for acts of defendant committed after his entry. The allegation of breaking and entering into land, is of substance and not of form merely; *Sawyer* v. *Goodwin,* 34 Maine, 419, 421; and the evidence offered must sustain the allegation; *Kelley* v. *Bragg,* 76 Maine, 207, 209. In cases where the

distinction is really of substance, the provision of statute abolishing it is inapplicable; *Place* v. *Brann*, 77 Maine, 342, 343. The declaration was not appropriate in case, leaving out the allegation of breaking and entering, as in *Kulley* v. *Bragg*, supra.

The exceptions to the order of non-suit must therefore be overruled.

*Exceptions overruled.*